# CASES

### IN

# THE SUPREME COURT

### OF

# PENNSYLVANIA.

## Fayette City Borough *versus* Huggins.

1. Where the record does not show the point of law reserved and the facts on which it arises, a judgment, *non obstante veredicto* cannot be sustained.

2. The point of law reserved, and the facts on which it arises must be distinctly put on the record. Each party has the right to except, not only to the judgment on the reserved question, but also to the manner in which the question itself was reserved.

February 3d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Fayette county*: Of July Term, 1885, No. 166.

This was an action brought by the Fayette City Borough against William G. Huggins, before a Justice of the Peace, to recover wharfage. The justice gave judgment for the plaintiff for $26.00. The record shows the following:

Appeal by the defendant from the judgment of Justice Holmes—debt $26.00. November 8th, 1882. Bail entered in the sum of $70.00 conditioned for the payment of all costs on the part of the appellant. Transcript filed November 29th, 1882, and plea of *nil debet* entered for the defendant *sec. reg.* February 12th, 1885, jury sworn, tried, and same day verdict for the plaintiff for the sum of thirty $\frac{85}{100}$ dollars, with leave to the court to enter a judgment for the defendant if the court should be of opinion that the plaintiff is not entitled to recover upon the reserved point. And now to wit, June 12th, 1885, after consideration thereof, it is ordered and directed that the rule

2 AMERMAN—1

[Baldwin's Appeal.]

to show cause why judgment should not be entered in favor of defendant upon the point reserved, *non obstante veredicto*, be made absolute and judgment be entered in favor of the defendant, *non obstante veredicto*.

The plaintiff took this writ, assigning for error the action of the court in entering judgment for the defendant, *non obstante veredicto*.

*A. D. Boyd* for plaintiff in error was not heard.

*S. L. Mestrezat* (*Alfred Howell* with him), for defendant in error.

Chief Justice MERCUR delivered the opinion of the court February 15th, 1886. .

The point in this case was not reserved in such form and manner as to justify the court in reversing the verdict of the jury. We have frequently held that the record must show the point of law reserved, and the facts on which it arises. The question must be distincly put on the record. Each party has a right to except, not only to the judgment on the reserved question, but also to the manner in which the question itself was reserved. Buckley *v.* Duff, 17 W. N., 39, and cases there cited.

Here there is not only an omission of the record to show the point reserved, but it is not stated elsewhere. The judgment *non obstante veredicto* cannot be sustained.

> Judgment reversed, and now February 15th, 1886, judgment in favor of the plaintiff on the verdict for $30.85, with interest from the 12th February, 1885, and costs.

# Baldwin's Appeal.

1. It is not error for the Orphans' Court to refuse to reverse and set aside a decree on the petition of one of the persons at whose instance it was made, after an appeal to the Supreme Court to review the same.

2. No appeal lies from the refusal of the court to reverse or modify such a decree.

February 3d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Fayette county:* Of January Term, 1886, No. 272.